UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PAUL LEGARE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　　Defendants. | No.  1:20-cv-00761-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED AS MOOT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 1)<br><br>TWENTY-ONE DAY DEADLINE<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　　Plaintiff Jason Paul Legare ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 29, 2020. (ECF No. 1). The Complaint brings claims concerning the ability of certain inmates, other than Plaintiff, incarcerated by California Department of Corrections and Rehabilitation ("CDCR") to receive substance abuse treatment.  Plaintiff now received such treatment, but requests an injunction requiring that CDCR provide that treatment to other inmates.

　　　　For the following reasons, the Court recommends that this action be dismissed as moot without leave to amend.

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges as follows:

Plaintiff is a Canadian citizen. After being released from custody, he will be deported to Canada.

2

Plaintiff has suffered from the disease of addiction, which is a serious medical condition. Although certain CDCR inmates are eligible to receive treatment for substance abuse, inmates with Immigration and Customs Enforcement holds are ineligible per 15 C.C.R. § 3040.1. Previously, Plaintiff was not permitted to receive substance abuse treatment, but now he receives such treatment.

Along with costs of suit and "[s]uch other and further relief as the Court deems just and proper," Plaintiff seeks an injunction. He prays for the following relief:

> INJUNCTION ORDER requiring Defendant CDCR, (Ralph Diaz, Secretary) and CDCR Health Care Delivery System, within one-year, to implement a state wide "MAT" program in all state prisons, on every prison facility and custody level for prisoners suffering from disease of addiction to have direct access to addiction cures --- NOTING that the benefit of this Injunction far out weighs not do[]ing so[.]

In addition, under the heading "INJUNCTION RELIEF," Plaintiff's complaint states the following:

> This action will seek only: 1.) Injunction Relief and 2.) Recovery of Costs of Suit. Injunction relief sought will request the Federal Court to issue an Injunction ORDER that crafts a new rule of law requiring California Department of Corrections and its Health Care Delivery System to provide treatment to all incarcerated men and women who suffer from DISEASE-OF-ADDI[C]TION and by proxy the same to all United States penal systems.

### III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012);

*Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**IV.     ANALYSIS OF PLAINTIFF'S CLAIMS**

    **A.     Mootness of Claim**

The Court has no authority to issue orders when a controversy is moot. "The district court's jurisdiction depends of course upon the existence of a live case or controversy. The court has no authority to decide questions that cannot affect the rights of litigants in the case before it." *Mitchell v. Dupnik*, 75 F.3d 517, 527–28 (9th Cir. 1996) (cleaned up). Thus, an action of an inmate who seeks injunctive relief becomes moot—and thus outside of a court's jurisdiction—

when the inmate will no longer suffer the harm complained of. *See id.* (action seeking injunctive relief concerning inadequate law library moot after inmate left facility); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."); *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985) ("[W]here the complainant [who was an inmate] was no longer subject to the allegedly illegal activity, the complaint for an injunction became moot."); *DuPree v. Alameida*, 290 F. App'x 32, 33 (9th Cir. 2008) (unpublished) (where prisoner alleged defendants improperly diverted veteran's disability benefits, plaintiff's "claim for injunctive relief is moot because the possibility of a future diversion of funds is too remote to preserve a live case or controversy" because plaintiff's account was reimbursed, diversion was caused by human error, and CDCR established procedure to prevent future errors).

Here, Plaintiff alleges certain inmates are being illegally denied substance-abuse treatment. However, he also alleges he is receiving such treatment. Thus, he is not subject to the allegedly illegal activity, so his injunctive complaint is moot.

Although a suit for injunctive relief is normally moot upon the termination of the conduct at issue, such a claim is not moot if there is a likelihood of recurrence. *Demery v. Arpaio,* 378 F.3d 1020,1026 (9th Cir. 2004). A case is not moot when (1) the duration of the challenged action is too short to be litigated prior to cessation, and (2) there is a "reasonable expectation" that the same parties will be subjected to the same offending conduct. *Murphy v. Hunt,* 455 U.S. 478, 482 (1982). Where plaintiff seeks prospective injunctive relief, any threatened future injury must be real and immediate, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *San Diego County Gun Rights Committee v. Reno,* 98 F.3d 1121, 1126 (9th Cir. 1996) (plaintiff must show threatened injury is "actual or imminent" and "concrete and particularized.")

The exception to mootness is inapplicable here. Plaintiff challenges a CDCR regulation concerning the availability of substance-abuse treatment. Plaintiff does not allege the duration is not too short to be litigated prior to cessation. He does not allege that drug addiction is a short-

5

1  lived problem or any other facts that would indicate the duration is too short to be litigated over.

2  Nor does he allege that there is a reasonable expectation that he will be subjected to the same

3  offending conduct. Rather, he alleges he expects to be released soon and then deported.

4  Therefore, Plaintiff's claim for injunctive relief is moot.

### B. Third Party Standing

Plaintiff seeks to assert the rights of other prisoners in his action. However, Plaintiff lacks standing to do so.

"[A] party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (internal quotation marks omitted). However, "there may be circumstances where it is necessary to grant a third party standing to assert the rights of another." *Id.* at 129-30. "To demonstrate third party standing, a plaintiff must show his own injury, a close relationship between himself and the parties whose rights he asserts, and the inability of the parties to assert their own rights." *McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 879 (9th Cir. 2011).

Here, Plaintiff seeks to assert the rights of other inmates. However, he has not shown his own injury because he is now part of the substance-abuse treatment program. In addition, he has not alleged a close relationship with other inmates. Finally, he has not shown other inmates are hindered in seeking their own relief. *See McCollum*, 647 F.3d at 878-79 (prison chaplain lacked third-party standing to assert rights of inmates to whom he ministers due to inmates' ability to seek relief). Therefore, Plaintiff lacks standing to pursue injunctive relief for other inmates.

Additionally, pro se litigants cannot appear as class-action counsel. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others than himself." (citation omitted)); *Welch v. Terhune*, 11 F. App'x 747, 747 (9th Cir. 2001) (unpublished) ("The district court properly determined that [an inmate plaintiff], proceeding pro se, could not prosecute the instant action as a class action." (citing *C.E. Pope Equity Tr.*)); *Claiborne v. Cnty of Los Angeles*, 158 F. App'x 853 (9th Cir. 2005) (same).

6

## V. RECOMMENDATIONS AND ORDER

It is clear from the face of the complaint that Plaintiff seeks only an injunction, and injunctions are not available in this case. Therefore, the Court recommends that Plaintiff not be granted leave to amend.

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed as moot without leave to amend; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **September 3, 2020**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

7